**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRIVELLI FRESH, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDSTONE MARKETING, INC., et al.,<br><br>    Defendants.<br>_____ | Case No.: 1:10-cv-00729 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE STIPULATION TO AMEND THE SCHEDULING ORDER<br><br>(Doc. 22) |

    This matter, involving claims of PACA violations and a cross claims of breach of contract, was filed on April 26, 2010. (Doc. 1) The complaint was served promptly but, due to settlement discussions, the parties agreed that the answer would not be filed until August 4, 2010. (Doc. 6) Notably, at that time, the parties reported that "the parties had discussed settlement but have not reached an impasse where settlement at this point appears unlikely." Id. at 2. Due to the delay in the defendants filing their answer, the Court was compelled to grant the parties' stipulation to continue the scheduling conference to September 8, 2010. (Doc. 7) Once again, the Court was compelled to continue the scheduling conference because the defendants filed a cross complaint with their answer and the cross defendants had not yet been filed an answer thereto. (Doc. 12)

    The Court conducted the scheduling conference on November 24, 2010. (Doc. 17) In preparation for the scheduling conference, the parties filed a joint statement in which they requested that the Court adopt a non-expert discovery deadline of April 15, 2011, followed by expert discovery. (Doc.

15 at p. 11.) In its order following the scheduling conference, the Court acceded to the parties' request and set the non-expert discovery deadline on April 15, 2011, followed by a period of expert discovery. (Doc. 17) Notably, in the scheduling order, the Court admonished the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 17 at 7)

In their current stipulation, the parties request the Court extend the non-expert discovery period 60 days, effectively the end of this discovery period through the entire expert discovery period and concluding the non-expert discovery on the last day to file nondispositive motions. (Doc. 22 at 2) Also, they seek to continue the settlement conference and to increase the number of interrogatories from 25 per side to 50 per side. Id. The parties explain, much like they did at the inception of this case, that they have continued to have settlement discussions but have been unable to achieve a settlement. Id. The parties rely upon this and the fact that they report that the case is complex to justify the additional discovery time. Id

Notably, the parties fail to explain why the complexity of the matter has just been discovery and why this discovery could not have occurred during the months leading up to the scheduling conference. They fail to support their conclusion that they need additional discovery time with any factual explanation, such as what discovery efforts have been made, what work is needed to be completed, why this work has not been completed before now and why the additional time is needed to do this work. Likewise, they fail to explain why there is no difficulty in conducting non-expert and expert discovery concurrently, i.e. why the experts do not need the full benefit of the non-expert discovery before they offer their opinions.

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

 . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite

the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

Given that the parties have had settlement discussions since the inception of this case, the fact that the parties have continued in these discussions, does not constitute an unanticipated circumstance that would constitute good cause to amend the scheduling order. Likewise, due to the lack of factual information in the stipulation, the Court does not find that good cause has been shown to extend the discovery period. Therefore, the parties' request to extend the discovery deadline set forth in the scheduling order is **DENIED**.

Based upon the parties' agreement to increase the number of interrogatories that may be propounded from 25 to 50 per side, the Court **GRANTS** this requested modification to the scheduling order. Finally, because the parties do not believe that the case is in a settlement posture, the request to continue the settlement conference is **GRANTED**.[1]

**ORDER**

Based upon the foregoing,

1. The request to modify the scheduling order to extend the non-expert discovery period is **DENIED**;

2. The request to modify the scheduling order to increase the number of interrogatories

---

[1] However, the Court is not available on the date selected. The Court will select an alternate date but if this new date is not acceptable to the parties, they may stipulate to a different date as long as they confirm the Court's availability in advance.

1         that may be propounded by each side, from 25 to 50, is **GRANTED**;

2    3.     The request to continue the settlement conference is **GRANTED** and it will be

3         scheduled for May 9, 2011 at 1:30 p.m. in Courtroom 6.

5 IT IS SO ORDERED.

6 Dated: **March 1, 2011**                           **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE